# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Rick Wayne Valentini,

　　　　　Petitioner,

v.

Charles L. Ryan, et al.,

　　　　　Respondents.

No.  CV-16-3718-PHX-GMS (DKD)

**REPORT AND RECOMMMENDATION**

TO THE HONORABLE G. MURRAY SNOW, U.S. DISTRICT JUDGE:

　　Rick Wayne Valentini filed a Petition for Writ of Habeas Corpus ("Petition") in this Court and raised six grounds for challenging his convictions.  Respondents argue that Valentini did not properly present any of his claims to the Arizona Court of Appeals and that they cannot now be subject to habeas review.  As described below, the Court agrees with Respondents and recommends that Valentini's Petition be denied and dismissed with prejudice.

## BACKGROUND

　　In December 2011, at the conclusion of a jury trial, the Maricopa County Superior Court sentenced Valentini to prison terms totaling eleven years.  (Doc. 1 at 17-18, ¶5) Valentini's counsel timely initiated an appeal in the Arizona Court of Appeals pursuant to *Anders v. California*, 386 U.S. 738 (1967), notifying the Court that counsel was unable to discover any arguable questions of law and requesting that the Court conduct its own review.  (Doc. 1 at 16)  The Court of Appeals provided Valentini an opportunity to file a

supplemental brief *in propria persona*, but he did not. (Doc. 1 at 16, ¶1) After considering Valentini's counsel's brief and reviewing the record, the Court of Appeals concluded that the record contained no reversible error and affirmed Valentini's convictions and sentences. (Doc. 1 at 18, ¶6)

Shortly after the Court of Appeals issued the mandate in the *Anders* case, Valentini initiated post-conviction relief and alleged "ineffective assistance of counsel when his trial counsel improperly raised a motion to sever the misconduct involving weapons charges and fraud charges relating to a prior conviction." (Doc. 1 at 27; Doc. 40, Ex. A) The Superior Court appointed counsel to represent him. (Doc. 1 at 23) At the conclusion of briefing, the Superior Court summarily denied Valentini's petition for post-conviction relief, finding that he had "failed to state any colorable claim for relief" because "[t]rial [c]ounsel's performance did not fall below an objective standard of reasonableness as defined by prevailing professional norms" and "there [was] no reasonable probability that [t]rial [c]ounsel's allegedly deficient performance affected the outcome of the trial." (Doc. 1 at 41; Doc. 40, Exs. B, C at 3)

Subsequently, the Superior Court granted Valentini's counsel's motion to withdraw from the case and Valentini's request for additional time to file his *pro per* petition for review. (Doc. 1-1 at 2, 11; Doc. 40, Ex. G) Valentini did not file a petition for review and instead he filed a "State Court Complaint" in Maricopa County Superior Court alleging that he had made pre-trial requests for evidence and that the "Prosecution violated Rules 15.1 and 15.2 regarding [this] discovery and then lied about it" by stating the evidence did not exist. (Doc. 1-1 at 13-17) The Superior Court construed Valentini's State Court Complaint as a second and successive post-conviction relief petition and denied it. (Doc. 1-1 at 19-20) The Court stated that Valentini failed to meet the standard of a successive post-conviction relief petition because he did not provide the requisite legal or factual basis for relief. (Doc. 1-1 at 20) Valentini's motion for reconsideration was denied. (Doc. 1-1 at 21-25)

Valentini then titled a document "Request for Reconsideration," wrote the caption for the Arizona Court of Appeals, and filed it in the Superior Court.  (Doc. 1-1 at 27-28)  Several months later, he titled a document "Request for Status," wrote the caption for the Arizona Court of Appeals, and filed it in the Superior Court.  (Doc. 1-1 at 29-30)  The Superior Court acknowledged these filings and concluded that they were sent to Superior Court "solely for copying purposes, rather than the seeking of affirmative relief."  (Doc. 1-1 at 31)

Thereafter, Valentini engaged in a series of correspondence with the Superior Court and the Court of Appeals about the status of his Request for Reconsideration.  (Doc. 1-1 at 32-35; Doc. 40, Exs. D, E)  Ultimately, Valentini filed a Request for Reconsideration in the Arizona Court of Appeals.  (Doc. 1-1 at 38-39)  The Court of Appeals dismissed Valentini's Request reasoning that, even if it had been treated as a proper petition for review, his "State Court Complaint" was not timely filed because it was filed after the sixty-day extension granted by the Superior Court.  (Doc. 1-1 at 41)  Valentini's appeal to the Arizona Supreme Court was denied without comment.  (Doc. 1-1 at 43-47)

Valentini then filed his Petition in this Court raising six grounds for relief:  (1) violation of his Fifth and Fourteenth Amendment right to due process because police allegedly destroyed evidence of various aliases he used throughout his life; (2) violation of his Sixth Amendment right to a speedy trial; (3) violation of his Fifth, Sixth, and Fourteenth Amendment right to due process and right to a "trial by [an] impartial jury"; (4) violation of his Sixth Amendment right to effective assistance of counsel; (5) violation of his "right to participate in the [a]ppeals process"; and (6) violation of his Fifth and Fourteenth Amendment rights when the State allegedly "prejudiced the grand jury."  (Doc. 1 at 6-11)  Respondents contend that all of Valentini's claims are procedurally barred without excuse because he failed to fairly present his federal claims to the Arizona Court of Appeals in a procedurally appropriate manner.  (Doc. 40 at 12-13)  In reply, Valentini blamed his post-conviction counsel and the ADOC legal staff for

- 3 -

the deficiencies in his post-conviction petitions.  (Doc. 45 at 3)  He argues that he submitted the claims enumerated in his Petition to the State courts and so he exhausted all of his State remedies.  (Doc. 45 at 9-11)

**VALENTINI'S CLAIMS ARE BARRED**

Exhaustion of Remedies.  A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus.  28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).  To fairly present a claim, a petitioner must support it with a statement of the operative facts and the specific federal legal theory.  *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66. General appeals to broad constitutional principles, "such as due process, equal protection, and the right to a fair trial," do not establish exhaustion.  *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

Thus, to meet the exhaustion requirement, Valentini needed to present his arguments in a timely manner and in the correct procedural context.  He did not do so.

He did not raise any claims in his direct appeal and he raised one claim for ineffective assistance of trial counsel in his first post-conviction proceedings, namely that his counsel had not moved to sever his forgery charges.  (Doc. 1 at 27; Doc. 40, Ex. A) This argument is unrelated to the ineffective assistance of counsel claims in the Petition which argue that his trial counsel "failed to timely file a number of motions," "failed to aggressively object and fight untimely State motions," "failed to aggressively pursue accountability over destroyed evidence," and "failed to initiate investigations and interviews. . .or call witnesses."  (Doc. 1-2 at 16)  These claims, supported only by citations to exhibits in the Petition, are too vague to be linked to Valentini's post-

conviction argument about severing his forgery charges. Accordingly, the Court cannot conclude that this claim was exhausted.

Finally, Valentini's "State Court Complaint," deemed an untimely successive post-conviction petition, argued that the prosecution had improperly withheld evidence. This presented "a new claim to the [Arizona Court of Appeals] in a procedural context in which its merits will not be considered absent special circumstances [and so it] does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Valentini's subsequent attempts to have the state court reconsider also did not constitute fair presentation. Accordingly, none of the claims in his Petition have been exhausted.

Procedural Default. A claim can be subject to an implied procedural bar. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). An implied procedural bar exists if a petitioner does not fairly present his/her claim in state court and no state remedies remain available. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

The Petition's claims are now all subject to an implied procedural bar because none of his claims were fairly presented in state court and no state remedies remain available to him. As a result, he is now precluded or time-barred from raising his claims in a successive and untimely Rule 32 petition under Arizona Rules of Criminal Procedure 32.1(d)-(h), 32.2(a) & (b), or 32.4(a).

Cause and Prejudice or Miscarriage of Justice. This Court can review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. 28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). To establish the existence of "cause," the petitioner must show that

"some factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. Additionally, the petitioner must show more than a possibility that the errors in his trial created prejudice; he must demonstrate that the errors worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170. Even in the absence of a showing of cause, a court may grant a habeas petition in extraordinary cases where a constitutional violation has "probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. The petitioner establishes this requisite probability by supporting his allegations of constitutional error with new reliable evidence and showing "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 324-27.

*Cause.* In his reply, Valentini argues that his status as a *pro per* prisoner constitutes cause to excuse his default. Specifically, he claims that his default is excused by "the overwhelmingly restrictive environments [he has] encountered . . . while in custody of the ADOC," that he "was given the wrong paperwork and told to fill out the paperwork incorrectly," and that ADOC withheld his "legal discovery paperwork" and so he was "unable to provide [the] state courts with the evidence necessary to convince them of the seriousness" of the constitutional violations that he endured. (Doc. 45 at 11, 12) He also argues that the actions by the state courts established cause to excuse his default. (Doc. 45 at 12) Specifically, he argues that the Maricopa County Superior Court was the "cause" of his procedural default because it accepted and filed his Request for Reconsideration, rather than rejecting it outright or returning it to him in a "timely" manner. (Doc. 45 at 12) This does not establish "cause." *See Robinson v. Kramer*, 588 F.3d 1212, 1217 (9th Cir. 2009).

Valentini also argues that he is entitled to relief because Superior Court Judges Flores and Brnovich inconsistently applied Arizona Rule of Criminal Procedure 32.5 to his filings. (Doc. 45 at 12) It appears that Valentini is complaining that, in the underlying case, Judge Flores gave him time to refile a motion. The Court does not

understand, and Valentini has not explained, how this establishes cause to excuse a default.

*Actual Prejudice.* In his reply, Valentini listed three sources of prejudice: (1) "[d]estruction of evidence"; (2) "[w]ithholding of evidence"; and (3) "[m]anufacture and presentation of false evidence." (Doc. 45 at 13) Valentini has described how he thinks evidence was destroyed, withheld, and manufactured but he has not detailed how these alleged evidentiary problems led to "an actual and substantial disadvantage" of "constitutional dimensions." *Frady*, 456 U.S. at 170. Accordingly, he has not demonstrated actual prejudice.

*Miscarriage of Justice.* In his reply, Valentini attempts to establish his "actual innocence" by asserting that, "[h]ad the jury seen the contents of the light blue 3 ring binder," it would have found him innocent of all charges "without a doubt." (Doc. 45 at 13) Additionally, Valentini believes that the State courts would have "ruled differently" had they had the opportunity to view all of the evidence he now presents in his Petition. (Doc. 45 at 13) Valentini's conclusory assertions hypothesizing as to what the jury would have done and how the State courts would have ruled do not constitute the type of new evidence needed to show "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 324-27. Bare allegations unsupplemented by evidence are insufficient to establish actual innocence. *Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992). In the absence of new evidence of innocence, a meritorious constitutional violation is not, standing alone, sufficient to establish a miscarriage of justice that would permit a habeas court to reach the merits of a petitioner's procedurally barred claims. *Schlup*, 513 U.S. at 316. Therefore, even if Valentini's claims are substantively meritorious, he has failed to support them with new concrete evidence.

Accordingly, Valentini's six claims raised in his Petition are procedurally defaulted without excuse.

- 7 -

Motion for Clarification

Valentini informed the Court that he had not received Respondents' response and posed several questions to the Court relating to the response. (Doc. 42) The Court ordered Respondents to resend their Answer and received confirmation that they did so. (Docs. 46, 47) The Court cannot answer questions posed by the petitioner. Accordingly, the Court will deny Valentini's Motion for Clarification as moot.

Subsequently, Valentini filed a "Motion of Status" asking the Court for an update on his case. (Doc. 50) Again, the Court cannot answer questions posed by parties.

**IT IS THEREFORE RECOMMENDED** that Rick Wayne Valentini's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

**IT IS ORDERED** denying as moot Valentini's Motion for Clarification (Doc. 42) and Motion for Status (Doc. 50)

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an

order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 5th day of March, 2018.

_____
David K. Duncan
United States Magistrate Judge