1  **WO**
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT
7                 FOR THE DISTRICT OF ARIZONA
8
9  Rick Wayne Valentini,                    No. CV 16-03718-PHX-GMS (DKD)
10                 Petitioner,
11  v.                                      **ORDER**
12  Charles L. Ryan, et al.,
13                 Respondents.
14

Pending before the Court are Petitioner Rick Wayne Valentini's Petition for Writ of Habeas Corpus (Doc. 1), United States Magistrate Judge David K. Duncan's Report and Recommendation ("R&R"), which recommends that the Court deny the Petition (Doc. 51), Petitioner's Motion to Obtain Evidence for the Court's Records (Doc. 52), and Petitioner's Motion for Status (Doc. 54). Because Petitioner King timely filed objections to the R&R (Doc. 53), the Court will review his petition *de novo*. *United States v. Reyna Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). For the following reasons, the Court denies the Petition and accepts the R&R.

## BACKGROUND

On December 22, 2011, following a conviction by a jury for forty class 4 felonies, Petitioner Rick Wayne Valentini was sentenced to 12 years in prison. (Doc. 1 at 16–17). Valentini's counsel—unable to discover any arguable questions of law for appeal—submitted a request to the Arizona Court of Appeals to review Valentini's case pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 451 P.2d 878, 104 Ariz.

297 (1969). (*Id.* at 16). The Court of Appeals gave Valentini the opportunity to file a supplemental brief, but he declined to do so. (*Id.*). On March 13, 2013, the Arizona Court of Appeals completed their *Anders* review, found no reversible error and affirmed Petitioner's conviction and sentence. (*Id.* at 18).

Following his direct appeal, Valentini filed a notice for post-conviction relief with the Maricopa County Superior Court. (*Id.* at 20). Valentini was appointed counsel, and he raised a single ineffective assistance of counsel claim, arguing that his counsel failed to include four fraud charges in a motion to sever. (*Id.* at 27). The Maricopa County Superior Court rejected his petition, finding that he failed to state a colorable claim. (Doc. 1-1 at 4).

Following this determination by the state court, Petitioner submitted a document entitled "State Court Complaint," dated December 2, 2014, which the Maricopa County Superior Court construed as a second, successive petition. (*Id.* at 13). There, Petitioner made a new argument that the Prosecutor in his case withheld evidence in violation of state criminal procedural rules and his constitutional rights that would have been helpful to his case. (Doc. 1-1 at 14–16). The Maricopa County Superior Court denied this request, because it did not present any claims that are allowed in a successive petition. (Doc. 1-1 at 20). In May 2016, the Arizona Court of Appeals dismissed the State Court Complaint and other subsequent filings of Petitioner as untimely. (*Id.* 1-1, at 41). The Court of Appeals explained that even if Petitioner's State Court Complaint were construed as an appeal of the denial of his first PCR petition, it would not have been filed in a timely manner. (*Id.*).

On October 26, 2016, Petition filed a petition for relief with this Court. His petition contains six arguments for relief: (1) destruction of evidence, in violation of the Fifth and Fourteenth Amendments; (2) violation of the Sixth Amendment right to a speedy trial; (3) violation of the Fifth, Sixth, and Fourteenth Amendments with regard to due process and the right to an impartial jury; (4) ineffective assistance of counsel, in violation of the Fifth, Sixth, and Fourteenth Amendments; (5) "violation of right to

1  participate in the appeals process"; and (6) that the State prejudiced the Grand Jury, in
2  violation of the Fifth and Fourteenth Amendments. (Doc. 1 at 6–11). After considering
3  the briefing on the matter, Magistrate Judge Duncan issued his R&R which finds that
4  Petitioner's claims are procedurally defaulted, and recommends that the petition be
5  dismissed with prejudice. (Doc. 51).

6  In response, Petitioner Valentini makes several objections to the R&R and urges
7  this Court to consider his claims on the merits. First, Petitioner argues that certain
8  circumstances surrounding his post-conviction relief filings should excuse his procedural
9  default. (Doc. 53 at 1). He asserts that he was not allowed to access legal materials
10 while in custody, that he was given the wrong paperwork for his post-conviction relief
11 petition, that he had difficulty mailing his second post-conviction relief filing, that the
12 Maricopa County Superior Court did not properly receive his second post-conviction
13 relief filing, and that he was in maximum custody while he was filing for post-conviction
14 review. (*Id*. at 1–2). He also maintains generally that his claims are not procedurally
15 defaulted. (*Id*. at 1).

16 Petitioner also makes objections for each specific claim. (Doc. 53 at 4–5). For
17 claim one, he asserts that he properly presented this issue to the state trial court in his
18 second post-conviction relief notice. (*Id*. at 4). For claim two, Petitioner argues that his
19 procedural default should be excused because he was not aware of the violations until
20 April 2016. (*Id*. at 5). For claims three, four, and six, Petitioner acknowledges that he
21 "knew of this in a vague way" but that "the full scope of the violation was not made
22 clear" until April 2016. (*Id*. at 5). And for claim five, he argues that his alleged
23 constitutional violation is ongoing, so the Court should consider his claim. (*Id*. at 6).
24 Finally, Valentini argues separately that a miscarriage of justice has occurred because of
25 his status as a pro se litigant. (*Id*. at 6).

26 / / /
27 / / /
28 / / /

- 3 -

# DISCUSSION

## I. Legal Standard

### A. Review of Report and Recommendation

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141, (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to the R&R. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." *Id*. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

### B. Habeas Corpus Review

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Review of Petitions for Habeas Corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2244 *et seq.* For a state prisoner to obtain review of his federal claims in federal court, he must first exhaust all available state remedies. 28 U.S.C. § 2254(b)(1)(A).

To exhaust state remedies, a prisoner must "fairly present" his claims to the appropriate state court. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (holding that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"). A prisoner must describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (citations and internal quotation marks omitted). In Arizona, for non-capital cases, a petitioner does not exhaust a claim for purposes of federal review unless he has

presented it to the Arizona Court of Appeals. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2004).

Procedural default occurs when a petitioner has not exhausted a federal habeas claim by first presenting the claim in state court, and is now barred from doing so by the state's procedural rules (including rules regarding waiver and preclusion). *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In the event of procedural default, habeas review is foreclosed absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Reed v. Ross*, 468 U.S. 1, 11, (1984). To demonstrate cause, a petitioner must show that "some objective factor external to the defense" impeded his efforts to raise the claim in state court. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). "Prejudice is actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir.1992) (internal quotation omitted). To prove a fundamental miscarriage of justice, petitioner must make a factual showing of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 322–23 (1995).

**II. Analysis**

**A. Petitioner's Claims Are Procedurally Defaulted**

To meet the exhaustion requirement, Petitioner needed to present his federal claims—including both the operative facts and the federal legal basis—to the appropriate state court at the proper time. He failed to do so for each of his claims.

**1. Claims one, two, three, five, and six.**

Under Arizona Rules of Criminal Procedure, Valentini was required to present claims two, three, five, and six to the Arizona Court of Appeals on direct appeal. *See* Ariz. R. Crim. P. 32(a)(1). Yet Valentini did not raise any of these objections in his direct appeal, even though the Arizona Court of Appeals gave him an opportunity to submit a supplemental brief to aid the Court's *Anders* review. (Doc. 1 at 16). And he did not raise any of these claims in either his first or second post-conviction relief petition to the Maricopa County Superior Court. Valentini even acknowledges that he was aware of most of these claims prior to his filings with this Court. (Doc. 53 at 4–5).

Valentini objects to the R&R's conclusion that Claim one is procedurally defaulted. (Doc. 53 at 4). He asserts that he raised this issue to the Maricopa County Superior Court in his second post-conviction filling. (*Id*.). But regardless of how the Court interprets Petitioner's State Court Complaint, this claim is procedurally defaulted. If Valentini's State Court Complaint is construed as a second, successive petition, then his claim would be untimely as the Superior Court found. (Doc. 1-1 at 19-20). If the Court instead construes his State Court Complaint as an appeal from his first post-conviction filing, that appeal would be untimely, as the Arizona Court of Appeals found. (*Id.* at 41). And if the State Court Complaint is construed as an amendment to his first post-conviction petition, the claim would still be procedurally defaulted, because he failed to appeal the Superior Court's determination to the Arizona Court of Appeals. *Castillo*, 399 F.3d at 998. Accordingly, Claims one, two, three, five, and six are technically exhausted, but procedurally defaulted. *Coleman*, 501 U.S. at 731.

### 2. Claim four

In Arizona, ineffective assistance of counsel claims may be presented in a petition for post-conviction relief. To "fairly present" these claims, Valentini should have described the operative facts and the underlying federal legal theory to the Maricopa County Superior Court and the Arizona Court of Appeals. *Kelly*, 315 F.3d at 1066; *Castillo*, 399 F.3d at 998. While Valentini did present an ineffective assistance of counsel claim to the state trial court (Doc. 1 at 27–32), he did not present the claim he alleges here in his state post-conviction proceedings.

If Valentini were to return to state post-conviction process now, his claims would be precluded as waived and untimely under the Arizona Rules of Criminal Procedure. *See* Ariz. R. Crim. P. 32.2(a)(3) ("A defendant shall be precluded from relief under this rule based upon any ground . . . [t]hat has been waived at trial, on appeal, or in any previous collateral proceeding."), 32.4(a) (providing that post-conviction relief motions under Rule 32 "must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal,

whichever is the later"); *see also Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). So Petitioner's ineffective assistance of counsel claim is also technically exhausted but procedurally defaulted.

## B. Petitioner's Objections Do Not Excuse His Procedural Default

To establish cause to overcome procedural default, Valentini must show that "that some objective factor external to the defense" prevented him from meeting his procedural obligations. *McCleskey*, 499 U.S. at 493. In his response to the R&R, Valentini again reiterates that difficult circumstances in prison prevented him from timely filing his claims for post-conviction relief with the state court system. (Doc. 53 at 1–2). But most of Valentini's claims were required to be presented on direct appeal, where he declined to submit a supplemental brief on his own behalf. (Doc. 1 at 16). Petitioner does not allege that the prison environment somehow interfered with his ability to submit a supplemental brief on appeal.

Even for petitioner's remaining claim, Valentini's allegations in this case do not rise to the level of cause. He alleges that "ADOC was also [complicit] in supplying the Plaintiff with faulty paperwork and incompetent advice. (Doc. 53 at 6). But unfortunate circumstances arising from one's status as a pro se litigant do not typically establish cause. *See*, *e.g.*, *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (holding that reliance on jailhouse lawyers does not constitute cause); *Hughes v. Id. Bd. Of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (holding that a prisoner's status as illiterate does not constitute cause).

Finally, Petitioner alleges that a miscarriage of justice has occurred because of his status as a pro se litigant. (Doc. 53 at 7). A Court may find a miscarriage of justice where Petitioner has made a factual showing of actual innocence. *See e.g. Schlup v. Delo,* 513 U.S. 298, 322–23 (1995). Petitioner's status as a pro se litigant is not the kind of evidence needed to make a demonstration of factual innocence. Petitioner also claims that he is generally innocent in his objections to the R&R, but does not provide any

factual information to support his claim. (Doc. 53 at 7). Valentini has not made the requisite factual demonstration for a miscarriage of justice claim.

### C. Motion to Submit Additional Evidence into the Record

Petitioner has also filed a Motion requesting that the Court place two additional pieces of evidence into the record: crime scene photos and a portion of the pre-trial transcript. (Doc. 52). The Court denies the motion as moot.

Where the "applicant has failed to develop the factual basis of a claim in State court proceedings," the applicant must show that "the claim relies on a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A)(ii). Petitioner's claim here is that he is missing exhibits that would demonstrate destruction of evidence, and is asking the Court to produce and place those exhibits into the record. (Doc. 53 at 1). But he has not demonstrated that these materials would somehow excuse his failure to develop a claim in the state court proceedings. Indeed, Valentini argued a destruction of evidence claim in his State Court Complaint filing containing nearly identical facts. (Doc. 1-1 at 14). He also does not explain what these materials will demonstrate, other than asserting that "the Court will fully realize the grave constitutional violations that were committed by the Chandler Police Department." (Doc. 52 at 2). As detailed above in Section II.A.2, his claim regarding destruction of evidence is procedurally defaulted. And Petitioner does not allege that these materials would demonstrate cause, prejudice, or a miscarriage of justice. He only argues that they would help him prove his constitutional claim, a claim that the Court is barred from considering. Accordingly, the Court will deny the motion to submit additional evidence as moot.

## CONCLUSION

Petitioner's objections to the R&R lack merit. Because he failed to present any of his claims to the Arizona Court of Appeals in a timely manner, his claims are procedurally defaulted. And Petitioner has not demonstrated cause, prejudice or a miscarriage of justice. The Court will accept the R&R (Doc. 51) and deny Valentini's

Petition for a Writ of Habeas Corpus (Doc. 1).  Finally, the Court will deny the Motion to Submit Additional Evidence Into the Record (Doc. 52) as moot.

**IT IS THEREFORE ORDERED** that Magistrate Judge Duncan's R&R (Doc. 51) is **ADOPTED** and the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that:

1. a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is **DENIED** because dismissal is justified by a plain procedural bar and jurists of reason would not find the ruling debatable;

2. the Motion to Submit Additional Evidence into the Record (Doc. 52) is **DENIED AS MOOT**, and

3. the Motion for Status (Doc. 54) is **DENIED AS MOOT**.

4. the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 5th day of October, 2018.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge